UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELICA MARTINEZ,<br><br>        Plaintiff,<br><br>v.<br><br>FP STORE, INC.,<br><br>        Defendant. | Case No. 1:19-cv-00487-LJO-EPG<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT OR;<br><br>(2) NOTIFY THE COURT THAT SHE WISHES TO STAND ON HER COMPLAINT, SUBJECT TO THIS COURT ISSUING FINDINGS AND RECOMMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER<br><br>(ECF NO. 1)<br><br>THIRTY (30) DAY DEADLINE |

*Pro se* Plaintiff Angelica Martinez ("Plaintiff") brings this suit against Defendant FP Store, Inc., ("Defendant") alleging a cause of action under the Federal Labor Standards Act of 1938, 29 U.S.C. § 216(b) ("FLSA"). Plaintiff claims that Defendant violated the FLSA by failing to pay her accrued vacation hours after it went bankrupt and shut down the store at which she worked. As described below, however, the Court finds that the FLSA does not regulate accrued vacation time. Therefore, Plaintiff's Complaint, as drafted, fails to state a claim.

The Court provides the relevant legal standards below. If Plaintiff believes she can state a claim within this Court's jurisdiction after reviewing these standards, she can file an amended

complaint within thirty days. If Plaintiff disagrees with this order, Plaintiff can inform the Court that she wishes to stand on her Complaint, in which case the Court will issue findings and recommendations to the District Judge consistent with this order.

I.  **SCREENING REQUIREMENT**

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a complaint brought *in forma pauperis* to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a [party] who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrew v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal)*.

///

2

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff filed this suit on April 15, 2019. (ECF No. 1.) The allegations are as follows:

Plaintiff accumulated 234.89 hours of vacation time after 8 years of employment with Defendant that total "2583.79." (*Id.* at p.5.) Defendant went bankrupt and "closed down" the store at which Plaintiff worked. (*Id.*)[1] Plaintiff now seeks her "vacation hours that [she] work[ed] for 8 year [sic] and the total is 234.89 hours." (*Id.*)

## III. ANALYSIS OF PLAINTIFF'S COMPLAINT

"The FLSA sets a national minimum wage[]…and requires overtime pay of one and a half times an employee's hourly wage for every hour worked over 40 hours in a week…" *Probert v. Family Centered Servs. Of Alaska, Inc.*, 651 F.3d 1007, 1009-10 (9th Cir. 2011) (citations omitted); *see also* 29 U.S.C. § 206(a)(1) (minimum wage); 29 U.S.C. § 207(a)(1) (overtime).

The FLSA's minimum wage and overtime wage provisions apply only to "employees" who are "employed" by "employers." *See* 29 U.S.C. §§ 206(a) and 207(a)(1). Only those employees who are "engaged in commerce or in the production of good for commerce," or who are "employed in an enterprise engaged in commerce or in the production of goods for commerce" may seek recovery under the FLSA's minimum and overtime wage provisions. *See* 29 U.S.C. § 206(a) and 207(a)(1).

"If a covered employee is not paid a statutory wage, the FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid overtime wages and back pay." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (citing 29 U.S.C. § 216(b)). The elements of an FLSA claim are: (1) plaintiff was employed by a defendant during the relevant period; (2) plaintiff was [a covered employee]; and (3) the

---

[1] Under the automatic stay provision of the bankruptcy code, "[a petition in bankruptcy] operates as a stay, applicable to all entities, of (1) the commencement or continuation, including the issuance or employment of process, of a judicial…action or proceeding against the debtor that was or could have been commenced before the commencement of the case under the title." 11 U.S.C. § 362. The Court is not able to tell from Plaintiff's Complaint whether an automatic stay is in effect as to Defendant that would enjoin the commencement of this suit. *See In re Gruntz*, 202 F.3d 1074, 1082 (9th Cir. 2000) (noting that the "automatic stay sweeps broadly, enjoining the commencement or continuation of any judicial, administrative, or other proceeding against the debtor, enforcement of prior judgments, perfections of liens, and 'any act to collect, assess or recover a claim against a debtor that arose before the commencement of the case'") (citing 11 U.S.C. § 362(a)(6)). If Defendant is in bankruptcy, Plaintiff will not be allowed to go forward with this complaint at this time. She may consider filing a claim with the bankruptcy court.

defendant failed to pay plaintiff minimum wage and/or overtime pay. *See Quinonez v. Reliable Glass Auto,* No. CV-12-000452-PHX-GMS, 2012 WL 2848426 at *2 (D. Ariz. July 11, 2012) (citations omitted).

Applying these legal standards to the allegations in Plaintiff's Complaint, Plaintiff has failed to state a claim for a violation of the FLSA. The relief Plaintiff seeks—pay for accrued vacation time—is simply not cognizable under the FLSA. *See, e.g., Owens v. CEVA Logistics/TNT*, No. H-11-2327, 2012 WL 6691115 at * 11 (S.D. Tex. Dec. 21, 2012) ("The FLSA does not contain a requirement to pay unused vacation time when an employee leaves."); *Sosnowy v. A. Perri Farms, Inc.*, 764 F.Supp.2d 457, 462-63 (E.D.N.Y. 2011) ("[T]he FLSA does not provide for accrued vacation."); *Jones v. Washington Health System*, No. 2:16-1308, 2018 WL 1536598 at *2 (W.D. Pa. March 29, 2018) (noting that "it is well-settled that 'the FSLA does not provide recovery for accrued vacation and sick time'") (quoting *Hartman v. White Hall Pharmacy, LLC*, 112 F.Supp.3d 491, 493 (N.D.W.V. 2015)).

The Court will give Plaintiff leave to amend her Complaint. If Plaintiff believes her rights under the FLSA have been violated, she should refer to the legal standards above and allege facts she believes show a violation of those rights.[2]

## IV. CONCLUSION AND ORDER

The Court finds that the Complaint fails to state any cognizable claims for the reasons described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v.*

---

[2] Because the Court finds that Plaintiff's Complaint, as currently drafted, fails to state any claim under federal law, the Court would recommend declining to exercise supplemental jurisdiction over any state law claim Plaintiff may assert that lacks an independent basis for federal jurisdiction. *See* 28 U.S.C. § 1367(c) (A district court "may decline to exercise supplemental jurisdiction over a claim…if…the district court has dismissed all claims over which it has original jurisdiction…"); *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered [in exercising supplemental jurisdiction]—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

*Maricopa County*, 693 F.3d 896, 907, n.1 (9th Cir. 2012) (*en banc*) and must be complete without reference to the prior or superseded pleading, Local Rule 220. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Alternatively, Plaintiff may choose to stand on this complaint, in which case this Court will issue findings and recommendations to the assigned judge to dismiss the case.

Based on the foregoing it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
    a. File a First Amended Complaint, if she believes additional true factual allegations will state cognizable claim(s); or
    b. Notify the Court that she wishes to stand on the complaint, subject to this Court issuing findings and recommendations to the assigned judge consistent with this order;
2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:19-cv-00487-LJO-EPG; and
3. If Plaintiff fails to, within thirty (30) days from the date of service of this order, (1) file an amended complaint or (2) notify the Court that she wishes to stand on this complaint, the Court will issue findings and recommendations to the assigned district judge recommending that Plaintiff's case be dismissed for failure to state a claim, failure to prosecute, and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **September 24, 2019**　　　　　/s/ *Erica P. Grosjean*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE