# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELICA MARTINEZ,<br><br>        Plaintiff,<br><br>v.<br><br>FP STORE, INC.<br><br>        Defendants. | Case No. 1:19-cv-00487-LJO-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S CLAIMS BE DISMISSED FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF NO. 4) |

      Plaintiff Angelica Martinez ("Plaintiff") proceeds *pro se* and *in forma pauperis* in this action against Defendant FP Store, Inc. ("Defendant"), alleging a cause of action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) ("FLSA").

      On September 24, 2019, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and found that it failed to state any cognizable claims. (ECF No. 4.) The Court gave Plaintiff options as to how to proceed: (1) file an amended complaint; or (2) notify the Court that she wishes to stand on her complaint, subject to the Court issuing findings and recommendations to the district judge consistent with the screening order. The Court also warned Plaintiff that if she failed to take any action in response to the screening order, the Court would issue findings and recommendations to the assigned district judge recommending that Plaintiff's case be dismissed

1

for failure to state a claim, failure to prosecute, and failure to comply with a Court order.

More than thirty days have elapsed since the Court entered its screening order, and Plaintiff has failed to file an amended complaint or to notify that Court that she wishes to stand on her complaint.

Accordingly, for the reasons set forth in the screening order (ECF No. 4.), the Court will recommend that Plaintiff's case be dismissed for failure to state a claim.

Moreover, the Court will recommend that Plaintiff's case be dismissed without prejudice for failure to prosecute and for failure to comply with a court order.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Pagtalunan*, 291 at 639. As described above, Plaintiff has failed to respond to a court order and has generally failed to litigate. This failure is delaying this case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale,"

*id.* at 643, and it is Plaintiff's failure to respond to a court order that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, monetary sanctions are of little use, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's case be dismissed without prejudice for failure to state a claim, failure to prosecute, and failure to comply with a Court order; and
2. The Clerk of Court be instructed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 9, 2019**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

4